U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**

TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET



**The following constitutes the ruling of the court and has the force and effect therein described.**

**United States Bankruptcy Judge**

**Signed December 29, 2010**

---

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| JAMES & DOROTHY MOORE, | § | CASE NO. 10-44352-DML-13 |
| Debtors. | § § | |

| | | |
|---|---|---|
| IN RE: | § § | |
| REED WAYNE WILSON, | § | CASE NO. 10-45561-RFN-13 |
| Debtor. | § § | |

### MEMORANDUM OPINION

Before the court are (1) the objection of Tim Truman, standing chapter 13 trustee, to the claim of exemptions of Debtors James and Dorothy Moore (the "Moores" and the "Moore Objection") and (2) the objection of Alice Whitten, standing chapter 13 trustee (together with Tim Truman, the "Trustees"), to the claim of exemptions of Debtor Reed Wilson ("Wilson" and

Memorandum Opinion – Page 1

with the Moores, "Debtors," and the "Wilson Objection" and, with the Moore Objection, the "Objections"). The court held a hearing on the Objections on October 21, 2010. Thereafter the parties submitted briefs in support of their respective positions.

These matters are subject to the court's core jurisdiction. 28 U.S.C. §§ 1334 and 157(b)(2)(A) and (O). This memorandum opinion includes the court's findings of fact and conclusions of law. Fed. R. Bankr. P. 9014 and 7052.

## **Discussion**

These two cases present questions respecting the proper way for a debtor to claim an asset as exempt following the decision of the Supreme Court in *Schwab v. Reilly*, 130 S.Ct. 2652 (2010). In *Schwab*, the Court held that, under section 522(l) of the Bankruptcy Code (the "Code"),[1] in order for an estate to retain ownership of an asset a party is not required to object timely to an exemption claimed under Code § 522(d) of an interest in the asset unless the debtor makes it clear that he or she intends to exempt the entire asset. 130 S.Ct. at 2667. The Court went on to note that the debtor could so indicate "by listing the exempt value as 'full fair market value (FMV)' or '100% of FMV'" of the asset. 130 S.Ct. at 2668. If a debtor fails to make clear by some such formula his or her intent to claim the entire asset, the asset itself will remain property of the estate, subject only to the debtor's exemption of the interest provided for in section 522(d). Because the asset remains in the estate, it remains subject to administration in

---

[1] 11 U.S.C. §§ 101 *et seq.*

Section 522(l) reads, in pertinent part,

> (l) The debtor shall file a list of property that the debtor claims as exempt . . . . Unless a party in interest objects, the property claimed as exempt on such list is exempt.

the case[2] even absent a timely objection to the debtor's list of exemptions in accordance with Fed. R. Bankr. P. 4003(b)(1).

In the cases at bar, the Moores elected to claim exemptions under section 522(d) of the Code, while Wilson elected to claim exemptions under the Texas exemption statutes, as he is entitled to do. *See* Code § 522(b)(1) and (3). For each asset listed by category of exemption, both the Moores and Wilson designated that the exemption claim was "100% of FMV."

In response to Debtors' claims of exemptions, the Trustees filed the Objections within the time permitted by Rule 4003(b)(1). In the Objections, and in their post-hearing briefs the Trustees argue that, by using the formula "100% of FMV," Debtors seek to exempt from their estates more than they are statutorily entitled to.

The Moore Objection raises issues directly addressed by *Schwab*. The Wilson Objection, however, while premised on *Schwab*, turns on the Texas exemption statute rather than Code § 522(d). Because the Texas exemption statutes refer not to interests in property but rather to the property itself (*see* Tex. Prop. Code §§ 42.001 and 42.002), the analysis in *Schwab* is not applicable, and, even absent use of the formula "100% of FMV," the Trustees would be required to object to exemptions claimed thereunder within the time fixed by Rule 4003(b)(1). *See Gebhart v. Gaughan*, 621 F.3d 1206, 1211 (9th Cir. 2010).[3] As the Wilson Objection was timely

---

[2] In the present context the court need not address the effect of *Schwab* on other issues arising under the Code, such as relief from the automatic stay imposed by section 362(a) or reaffirmation of a secured debt under section 524.

[3] In *Gebhart* the Court of Appeals faced the question of a trustee's ability to realize on the appreciation of an asset an interest in which the debtor had claimed as exempt years earlier. This court questions whether *Gebhart* can be reconciled with *In re Stembridge*, 394 F.3d 383 (5th Cir. 2004), but any inconsistency between these cases concerns the point in time for valuation of an asset, not the principle that exemption of an *interest* in an asset is not tantamount to exemption of the *asset*. The court accordingly need not address the effect of an increase in the value of an asset where the debtor has claimed an exempt interest in the asset

filed under Rule 4003(b)(1), the issue of the value of Wilson's exemption is, in any case, properly before the court.

As to the Trustee's suggestion that somehow Debtors, by use of the formula "100% of FMV," seek to game the system, the court does not agree. The Supreme Court offered direction to debtors seeking to force the issue of whether exemption of an interest in an asset covered the entire asset. Debtors have here done no more than follow the Court's direction. The alternative – to make a claim of exemption clearly inconsistent with the statute (*see Schwab*, 130 S.Ct. at 2665; *Taylor v. Freeland & Kronz*, 503 U.S. 638 (1992)) – would be far more problematic.

Moreover, the process is working just as the *Schwab* Court presumably expected it to. Debtors claimed their exemptions and clearly established that they intended to remove the entirety of the relevant assets from the estate. Their claims of exemptions, in turn, caused the Trustees to file the Objections, thus putting Debtors to the test of whether the value of the underlying assets is equal to, less than or greater than the value of the interests to which Debtors are entitled.

Now the Trustees are entitled to evidentiary hearings, if they wish, respecting the value of Debtors' exemptions. In any such hearing, the debtor will have the burden of going forward and must show a plausible basis for the claim that "100% of FMV" of an asset falls within the statutory limit on the amount that may be exempted. Once the debtor has satisfied that burden, the party opposing the exemption will have, as provided by Rule 4003(c), the burden of proving that, in fact, the claimed exemption exceeds the statutory limit. If the objection is overruled, the asset claimed will no longer be part of the estate. *Schwab*, 130 S.Ct. at 2668. If the objection is

---

without clearly showing an intent to exempt the asset in its entirety.

Memorandum Opinion – Page 4

sustained, "the debtor will be required either to forfeit the portion of the exemption that exceeds the statutory allowance, or to revise other exemptions or arrangements with her creditors to permit the exemption." *Id.*

For the foregoing reasons, to the extent the Objections are based other than on a contention that the assets at issue are of a greater value than that which Debtors may exempt, they are OVERRULED. To the extent appropriate, the parties are directed to obtain one or more settings to resolve remaining issues of value.

It is so ORDERED.

# # # # END OF MEMORANDUM OPINION # # # #